Case 09-09068    Filed 07/12/11    Doc 93

2009-09068
FILED
July 12, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003622736

JAMES L. PAGANO, ESQ. (Cal. State Bar No. 098185)
IAN A. KASS, ESQ. (Cal. State Bar No. 184480)
DAVID MARKEVITCH, ESQ. (Cal. State Bar No. 256163)
PAGANO & KASS, APC
96 North Third Street, Suite 525
San Jose, California 95112
Telephone: (408) 999-5678
Facsimile: (408) 999-5684

Attorneys for Creditor/Adversary Proceeding Plaintiff,
Truss Design & Manufacturing, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
## Modesto Division

| | |
|---|---|
| In re:<br><br>STEVE and JILL DUROSSETTE,<br><br>Debtors.<br>_____<br><br>TRUSS DESIGN AND MANUFACTURING, INC., A/K/A TRUSS DESIGN & MANUFACTURING, INC.<br><br>Plaintiff,<br><br>v.<br><br>STEVEN L. DUROSSETTE, A/K/A STEVE DUROSSETTE, AND JILL DUROSSETTE,<br><br>Defendants.<br>_____ | CASE NO. 2009-91686-A-13G<br><br>Chapter 13<br><br>Adversary Case No. 09-09068<br><br>DCN: JLP-6<br><br>**STATEMENT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ESTABLISHING LIABILITY AND ADJUDICATING AN AFFIRMATIVE DEFENSE AGAINST DEFENDANTS**<br><br>Date: February 22, 2011<br>Time: 10:00 a.m.<br>Dept.: D<br>Judge: Hon. Robert S. Bardwil |

The Motion of Plaintiff, Truss Design and Manufacturing, Inc., a/k/a Truss Design & Manufacturing, Inc. (hereafter, as "Plaintiff"), the Plaintiff in the above-captioned matter ("The Case"), for an order granting it a Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants, Steven L. Durossette, a/k/a Steve Durossette, and Jill Durossette (hereafter, collectively as "Defendants") was scheduled for continued hearing before this

---

Statement of Findings Of Fact and Conclusions of Law Re: Order Granting Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants

1

RECEIVED
July 11, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003622736

Court in Department No. D on February 22, 2011, at 10:00 a.m. David Markevitch, Esq., of Pagano & Kass, APC, appeared, telephonically, on behalf of Plaintiff. David C. Johnston, Esq., of Gianelli and Associates, appeared on behalf of Defendants.

This Court, having read and considered the pleadings filed in support of the Motion, including: "Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants," "Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants," "Declaration of James L. Pagano, Esq., in Support of Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants" ("**Pagano Decl.**"), including Exhibits "JLP-1" — "JLP-5" to **Pagano Decl.**, "Declaration of Craig Davis in Support of Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants" ("**Davis Decl.**"), including Exhibits "CD-1" — "CD-3" to **Davis Decl.**, and "Request That the Court Take Judicial Notice of Pleadings on File with it and Other Courts When it Considers Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants" ("**Request JN**"), including Exhibits "JN-1" — "JN-4" to **Request JN**, filed by Plaintiff, having noted that Defendants did not file any pleadings in opposition to the Motion, and having received confirmation from their counsel that Defendants do not oppose the Motion, and, thus, that no oral argument from counsel would be useful, the Court now rules as follows:

The Court hereby GRANTS Plaintiff's request for judicial notice of those documents that were submitted to the Court as Exhibits "JN-1" through "JN-4," inclusive, and notices those items as per the applicable Rules of Evidence. (Federal Rules of Evidence, Rule 201, as made applicable to cases under the Bankruptcy Code by Federal Rules of Bankruptcy Procedure, Rule 9017.)

The Court further finds that there are no genuine issues as to the material facts that establish Defendants' liability for making false and fraudulent representations to Plaintiff as a basis for holding, nondischargeable, a portion of the said Defendants' debt to Plaintiff, pursuant to 11 U.S.C. §523(a)(2)(A), and, accordingly, a portion of the said debt, the exact sum of which is to be

Statement of Findings Of Fact and Conclusions of Law Re: Order Granting Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants

2

determined at the trial, is nondischargeable as a matter of law. The Court's ruling is based upon the following.

## FINDINGS OF FACT:

### (A) The Underlying Dispute:

1. On or about September 3, 2002, Plaintiff initiated a lawsuit against, amongst other persons, Defendant, Steven L. Durossette, a/k/a Steve Durossette ("**Steve Durossette**"), in the Stanislaus County (CA) Superior Court, which suit was titled, "*Truss Design & Manufacturing, Inc., a California corporation, Plaintiff, v. Chateaux Framing, Inc., a California corporation, Steve Durossette, an individual, W. Doug Durossette, an individual, Leo Durossette, an individual, and DOES 1 through 50, inclusive,*" case no. 314132 ("**the State Court Case**").

2. In **the State Court Case**, Plaintiff sought damages in the amount of $799,302.00, plus pre-judgment interest, based upon claims for Breach of Contract, Common Count – *Quantum Valebant*, Breach of Guaranty, and Fraud relating to the sale of building trusses by Plaintiff to **Steve Durossette** for use by Chateaux Framing, Inc. ("**Chateaux**"), and **Steve Durossette**'s and **Chateaux**'s failure to pay for those trusses.

### (i) A Partial Resolution of the Underlying Dispute:

3. On or about August 14, 2003, the Court in **the State Court Case** granted Plaintiff's motion for summary judgment against **Chateaux**.

4. In granting Plaintiff's motion for summary judgment, the Court in **the State Court Case** ruled that Plaintiff was entitled to a judgment against **Chateaux** in a sum in excess of $865,416.30.

### (ii) The Settlement:

5. On or about August 26, 2003, the Parties reached a settlement and resolution of the claims and allegations made in **the State Court Case** by Plaintiff.

6. The terms of the said settlement were memorialized in a settlement letter dated August 28, 2003 ("**the Settlement Letter**"), that was signed by Defendants.

7. As one of the material terms of the settlement in the **State Court Case**, Plaintiff agreed not to obtain a Judgment against **Chateaux**, to which it was entitled, nor attempt to enforce such a Judgment.

Statement of Findings Of Fact and Conclusions of Law Re: Order Granting Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants

3

8. By virtue of the express terms of **the Settlement Letter**, both Defendants agreed to sign a promissory note that obligated them, jointly and severally, to pay Plaintiff an agreed amount, to wit, $870,695.94, with interest accruing thereon at the rate of ten percent (10%) *per annum*, until the foregoing sum was fully paid, which was to occur by not later than September 10, 2008 ("**the Promissory Note**").

9. By virtue of the express terms of **the Settlement Letter**, Defendants agreed that they would sign, and allow Plaintiff to record, in the Official Records for the County of Stanislaus, State of California, a deed of trust in the sum of $825,355.20 ("**the Trust Deed**") against that parcel of real property, which they represented they owned as husband and wife, as their community property, located at, and more commonly known as, 2301 Nickerson Drive in the City of Modesto, County of Stanislaus, State of California ("**the Collateral Property**").

10. **The Settlement Letter** contains a clause that provides for the issuance of a confession of judgment in Plaintiff's favor by defendants in **the State Court Case**.

11. As a material term of the settlement, Defendant, Jill Durossette, was required to, and did expressly, adopt all of the terms of **the Settlement Letter** by signing a "Spousal Consent" portion thereof.

(iii) **Defendants Induced Plaintiff to Agree to the Terms of the Settlement Through Fraud:**

12. During the settlement negotiations, as later memorialized in **the Settlement Letter**, **Steve Durossette** represented to Plaintiff that his co-defendants in **the State Court Case** and he had applied for a Small Business Administration line of credit that had been approved by the Central California Bank of Turlock for the sum of $400,000.00.

13. During the settlement negotiations, as later memorialized in **the Settlement Letter**, **Steve Durossette** represented to Plaintiff that the majority of the $400,000.00 that his co-defendants in **the State Court Case** and he had been approved to receive from the Small Business Administration would be used to pay down the sums owed to Plaintiff pursuant to **the Settlement Letter**.

14. Plaintiff agreed to the terms of **the Settlement Letter** in reliance on the representation made by **Steve Durossette**, and adopted by Defendant, Jill Durossette, that the application for a Small

Statement of Findings Of Fact and Conclusions of Law Re: Order Granting Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants

4

Business Administration line of credit with Central California Bank of Turlock had been approved by that institution in the sum of $400,000.00.

15. Plaintiff agreed to the terms of **the Settlement Letter** in reliance on the representation made by **Steve Durossette**, and adopted by Defendant, Jill Durossette, that the majority of the $400,000.00 credit line approved by the Small Business Administration would be used to pay down the sums owed to Plaintiff pursuant to **the Settlement Letter**.

16. At the time he represented to Plaintiff that he had been approved to borrow $400,000.00, **Steve Durossette** had not been approved for any financing, not even an application for a Small Business Administration line of credit.

17. When **Steve Durossette** represented to Plaintiff that he had been approved for a Small Business Association line of credit with the Central California Bank of Turlock, he had received no information that such a line of credit had been approved.

18. At the time when Plaintiff became bound by the terms of **the Settlement Letter**, to wit, October 1, 2003, Plaintiff did not have any information that would lead it to believe that Defendants' representations regarding the status of their application for a Small Business Administration line of credit, including that the application therefor had been approved, were false.

(iv) **The Terms of the Settlement Prevented Plaintiff from Enforcing a Judgment Against Chateaux to Plaintiff's Damage:**

19. Between July 2003 and July 2004, including during the entire period when Plaintiff was prevented by the terms of **the Settlement Letter** from recording the Judgment against **Chateaux** to which it was entitled, or attempting to enforce that Judgment, **Chateaux** had assets, including accounts receivables, loans to shareholders, buildings, and other depreciable assets.

20. Between July 2003 and July 2004, including during the entire period when Plaintiff was prevented by the terms of **the Settlement Letter** from recording the Judgment against **Chateaux** to which it was entitled, or attempting to enforce that Judgment, **Chateaux** earned in excess of $400,000.00 in gross profits.

21. Between July 2003 and July 2004, including during the entire period when Plaintiff was prevented by the terms of **the Settlement Letter** from recording the Judgment against **Chateaux**

Statement of Findings Of Fact and Conclusions of Law Re: Order Granting Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants

5

to which it was entitled, or attempting to enforce that Judgment, **Chateaux** paid $79,000.00 as rent for **the Collateral Property**.

22. Between July 2003 and July 2004, including during the entire period when Plaintiff was prevented by the terms of **the Settlement Letter** from recording the Judgment against **Chateaux** to which it was entitled, or attempting to enforce that Judgment, **Chateaux** paid $156,000.00 to Defendants as "Compensation of Officers."

23. Beginning in or about July 2004, and at all times thereafter, **Chateaux** failed to pay its tax obligations to the Internal Revenue Services, accruing in excess of $400,000.00 in unpaid taxes and penalties by July 2006.

24. Defendants did not pay any portion of the lump-sum payment they were obligated to pay Plaintiff pursuant to **the Settlement Letter**.

25. Defendants did not pay the sums owed to Plaintiff pursuant to the terms of **the Settlement Letter** and **the Promissory Note**, in full.

Based upon the foregoing Findings, the Court now concludes as follows:

## CONCLUSIONS OF LAW:

1. The settlement between Plaintiff and Defendants that was reached in **the State Court Case** constitutes a "refinancing of credit" within the meaning of 11 U.S.C. §523(a)(2), as that settlement changed the nature of the underlying debt by adding interest to it, created security for the underlying debt in real property, and contained a confession of judgment clause.

2. In negotiating the settlement of **the State Court Case**, Defendants made representations to Plaintiff concerning the existence of an approved Small Business Administration line of credit, upon which representations Plaintiff relied.

3. Defendants' representations regarding a Small Business Administration line of credit were false.

4. Defendants knew that their representations to Plaintiff regarding a Small Business Administration line of credit were false when those representations were made to Plaintiff, and, thus, Defendants made the said false representations with the intent to induce reliance by, and otherwise defraud, Plaintiff.

Statement of Findings Of Fact and Conclusions of Law Re: Order Granting Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants

6

5. Plaintiff justifiably relied upon Defendants' representations.

6. Defendants' misrepresentations were the proximate cause of injury and damage suffered by Plaintiff.

7. Defendants' second affirmative defense based upon California Code of Civil Procedure section 580d fails as a matter of law because that statute does not apply to claims that are based upon fraud in the inducement of a loan.

IN VIEW OF THE FOREGOING, IT IS HEREBY ORDERED that the motion for a Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants is GRANTED IN FULL in favor of Plaintiff and against Defendants, and that a portion of Defendants' debt to Plaintiff is hereby adjudged nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A), with the exact sum to be determined during the trial hereof.

The foregoing shall constitute the findings of fact and conclusions of law pursuant to Federal Rules of Civil Procedure, Rule 52, made applicable to adversary proceedings in Bankruptcy Cases by Federal Rules of Bankruptcy Procedure, Rule 7052.

Dated: July 12, 2011

Robert S. Bardwil, Judge
United States Bankruptcy Court

Statement of Findings Of Fact and Conclusions of Law Re: Order Granting Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants

7

## CONCURRENCE IN THE FORM OF THE ORDER

I, David C. Johnston, Esq., on behalf of Defendants in this Case, have reviewed the above proposed form of Order granting Plaintiff's Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants, and hereby do approve it as to its form and concur in the submission of the said proposed form of Order to the Court for approval.

Dated: March 4, 2011

Respectfully submitted,
GIANELLI AND ASSOCIATES

_____
David C. Johnston, Esq.,
Attorneys for Defendants

Statement of Findings Of Fact and Conclusions of Law Re: Order Granting Plaintiff's Motion for Partial Summary Judgment Establishing Liability and Adjudicating an Affirmative Defense Against Defendants

8