

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

AUG 2 3 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 09-91686-D-13 |
| STEVE DUROSSETTE and JILL DUROSSETTE, | |
| Debtors. | |
| TRUSS DESIGN AND MANUFACTURING, INC., A/K/A TRUSS DESIGN & MANUFACTURING, INC., | Adv. Pro. No. 09-9068-D |
| | Docket Control No. JLP-7 |
| Plaintiff, | |
| v. | |
| STEVEN L. DUROSSETTE, A/K/A STEVE DUROSSETTE, AND JILL DUROSSETTE, | DATE:  March 8, 2012 TIME:  10:00 a.m. DEPT:  D |
| Defendants. | |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

<u>**MEMORANDUM DECISION**</u>

On December 27, 2011, plaintiff Truss Design & Manufacturing, Inc. (the "plaintiff") filed a Notice of Motion and Motion Seeking an Award of Attorneys' Fees and Costs Following Trial, Docket Control No. JLP-7 (the "Motion"). By way of the Motion, as thereafter supplemented, the plaintiff seeks

$84,525.83 in attorney's fees, $2,108.30 in costs,[1] and $12,614.39 in expert witness fees, to be awarded in favor of the plaintiff as the prevailing party in this adversary proceeding. The plaintiff's counsel is Pagano & Kass, APC ("Counsel"). Defendants Steve Durossette and Jill Durossette did not file opposition to the Motion. For the reasons set forth below, the court will grant the Motion in part.

## I. BACKGROUND

On October 18, 2011, this court issued a judgment in this adversary proceeding in the amount of $300,000 in favor of the plaintiff and against the defendants, and ordered that the judgment is nondischargeable. The judgment referred to the promissory note at issue in this proceeding as "contain[ing] a provision that awarded attorneys' fees and reasonable costs of suit to the prevailing party . . . ." The judgment also included a statement that the plaintiff had prevailed in the proceeding. The Motion followed.

## II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

/ / /

/ / /

---

1. An amended notice filed March 6, 2012 refers to the amount of costs requested as $5,244; however, it is clear from a supplemental declaration filed January 17, 2012 that the $5,244 figure represents attorney's fees "for services that have yet to be billed to Plaintiff." There is no other indication in the record that the amount of requested costs is anything other than $2,108.30.

A.    Standards for Award of Attorney's Fees in Dischargeability

Action

> Since the decision of the Supreme Court in
> Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.,
> 549 U.S. 443, 127 S. Ct. 1199, 167 L. Ed. 2d 178
> (2007), the allowance of claims for attorney's fees in
> bankruptcy generally is recognized as governed by state
> law. Id. at 450-51. This is particularly true in
> exception to discharge cases . . . where the litigation
> ordinarily has no direct impact on the bankruptcy
> estate.

Charlie Y., Inc. v. Carey (In re Carey), 446 B.R. 384, 390 (9th

Cir. BAP 2011), footnote omitted.

B.    Standards Under California Law

> California law permits recovery for attorney's
> fees under two separate provisions. Section 1717
> allows a party to recover attorney's fees incurred in
> the litigation of a contract claim. . . . Section 1021
> permits recovery of attorney's fees by agreement
> between the parties, and does not limit recovery of
> attorney's fees to actions on the contract. . . .
> Attorney's fees for fraud claims may be recovered if
> the contract so provides.

Terra Nova Indus. v. Chen (In re Chen), 345 B.R. 197, 200 (N.D.

Cal. 2006), citations and footnotes omitted.

The attorney's fee clause in the parties' contract need not

refer explicitly to actions for fraud in order for such actions

to be encompassed by it. Where, for example, the clause in a

contract for the purchase and sale of real property permitted

recovery of fees for "bring[ing] any suit . . . with respect to

the subject matter or enforcement of the Agreement," the clause

was broad enough to encompass the seller's attorney's fees

incurred in defending a claim that the seller failed to disclose

the presence of asbestos on the property. 3250 Wilshire

Boulevard Bldg. v. W. R. Grace & Co., 990 F.2d 487, 489 (9th Cir.

1   1993).[2]

2       The plaintiff quotes the applicable provision in the
3   promissory note that provides for attorney's fees in this matter,
4   and the defendants have not suggested that this adversary
5   proceeding does not fall within the scope of the provision or
6   that attorney's fees are not appropriately awarded under one or
7   the other of California's fee-shifting statutes cited above.

8       Therefore, the only question before the court is the
9   reasonableness of the fees requested.  The party moving for an
10  award of attorney's fees has the burden of proof.  City of Colton
11  v. Singletary, 206 Cal. App. 4th 751, 784 (May 30, 2012).  The
12  court is to begin with the lodestar figure; that is, the product
13  of the number of hours reasonably spent and the reasonable hourly
14  rate prevailing in the community for similar services.  Christian
15  Research Institute v. Alnor, 165 Cal. App. 4th 1315, 1321 (2008).

16

17      2.

18      The language of this provision includes not only
        contract enforcement actions, but actions relating to
19      the "subject matter" of the agreement.  The subject
        matter of the agreement is obvious:  the sale of the
20      3250 Wilshire Boulevard property by MetLife to
        Wilshire.  Wilshire's lawsuit claimed that MetLife
21      violated various duties by failing to disclose, prior
        to the sale, the alleged fact that MetLife was
22      divesting itself of the building because of its
        asbestos content.  Such a lawsuit clearly relates to
23      the "subject matter" of the Purchase and Sale
        Agreement, regardless of whether Wilshire's claims,
24      strictly speaking, sounded in tort or contract.
        Accordingly, as the prevailing party, MetLife is
25      entitled to attorney's fees and expenses for defending
        this action.

26  Id.; cf. Redwood Theaters, Inc. v. Davison (In re Davison), 289
27  B.R. 716, 725 (9th Cir. 2003) [the plaintiff alleged fraud but
    "did not allege any breach of the Agreement or seek to enforce
28  any rights under the Agreement."].

                              - 4 -

1    The court should consider "whether the case was overstaffed,

2   how much time the attorneys spent on particular claims, and

3   whether the hours were reasonably expended," <u>Christian Research</u>

4   <u>Institute</u>, 165 Cal. App. 4th at 1320; inefficient or duplicative

5   services are not to be compensated.  <u>Id.</u> at 1321.

6        [A]scertaining the fee amount is left to the trial
         court's sound discretion.  Trial judges are entrusted
7        with this discretionary determination because they are
         in the best position to assess the value of the
8        professional services rendered in their courts.

9   <u>Id.</u>, citations omitted.

10  C.   The Fees Requested in This Case

11       Applying these standards to the fees requested in this case,

12  the court finds, first, that Counsel's hourly rates - $245 and

13  $225 for the two partners and $175 and $150 for the two

14  associates - are reasonable and well within prevailing rates in

15  this community during the time in which the services were

16  performed.

17       With that said, the court also finds that the case was

18  overstaffed.  What the court finds striking is that Counsel found

19  it appropriate to utilize the services of two partners and two

20  associates in this case.[3]  While the legal and factual issues in

21  the case were not ordinary or common, the court does not believe

22  they were so complex as to require the services of four

23  attorneys, each billing relatively large amounts of time.

24  / / /

25

26       3.   The court recognizes that the lead partner on the case
    was likely to be and ultimately was a witness at the trial, and
27  that Counsel thus had to have two attorneys at the trial itself.
    This does not explain why it was necessary or reasonable to
28  utilize the services of three attorneys through the first ten
    months of the case, adding a fourth in the final months.

1    The court also finds that the allocation of services among
2  these four attorneys resulted in some instances in unnecessary
3  duplication of effort.  For example, Counsel's time records
4  reveal several instances of an associate preparing relatively
5  simple documents, such as various stipulations and the three
6  pretrial conference statements, and a partner reviewing and
7  revising those documents.  Although in some of these instances,
8  the partner did not charge for his time, in others, he did.  In
9  the case of a motion for summary judgment, an associate did the
10  bulk of the work, but his work was reviewed and revised by both
11  partners.

12    In addition, in the court's view, the amount of time spent
13  by Counsel on several of the documents filed with the court, such
14  as the various stipulations, the amended complaint (14 hours),
15  the three pretrial statements (22 hours), the trial brief/trial
16  statement (13 hours not including associate's time), and the
17  proposed findings of fact and conclusions of law (21 hours), was
18  excessive.  Many of these documents repeated information
19  previously presented.

20    Further, the trial in this proceeding involved the issue of
21  damages only, the issue of liability having been resolved in the
22  plaintiff's favor by way of summary judgment.  Between the time
23  the court granted the motion for summary judgment on liability
24  and the conclusion of the trial, Counsel billed at least $44,000
25  in attorney's fees – on the damages issue alone.  Beginning in
26  June 2011, ten months into the case, Counsel chose to assign
27  preparation of a trial brief to an associate who had not
28  previously worked on the case to prepare the trial brief, despite

the fact that two partners and another associate had already
worked extensively on the case and presumably had developed a
good deal of familiarity with the facts and the issues.  It thus
appears Counsel did not delegate work on the case in a prudent
manner.

The time sheets indicate that the associate who had worked
on the case previously did not work on it at all after March
2011; the court recognizes the possibility that he had left the
firm.  But that would not explain why one of the two partners who
had also been working on the case would not have been a more
cost-effective choice.  As it turned out, the new associate spent
37 hours and billed $6,545 for legal research, reviewing the
file, and preparing memos to the lead partner on the case, all
apparently in aid of the preparation of the trial brief, and the
partners spent another 13.7 hours and billed another $3,246 for
legal research and preparation of the trial brief which, as had
been ordered by the court, was only five pages long and contained
almost no legal analysis or citations, focusing instead on the
factual issues surrounding the amount of the plaintiff's damages.

The court recognizes that it sees only the tip of the
iceberg in any given case, and is aware that many things play out
behind the scenes.  Further, fee motions are unavoidably reviewed
in hindsight, and second-guessing a law firm's decisions as to
both the allocation of its resources and the amount of time its
attorneys ought reasonably to devote to a case is an undesirable
task.  Nevertheless, particularly as here, where the obligation
for the requested fees is to be transferred to the non-prevailing
party, the court must exercise its discretion and deny fees as

1 appropriate.

2      Thus, the court will award attorney's fees payable by the
3 defendants to the plaintiff as follows. First, the court will
4 deduct $3,381 from the amount of attorney's fees requested, on
5 account of the fees incurred in preparing a motion to file under
6 seal unredacted versions of Counsel's time records. That motion
7 was based on the contention that the substance of Counsel's
8 billing records is protected by the attorney-client privilege
9 and/or the work product rule.[4]  A quick call to an attorney
10 practicing regularly in this court would have informed Counsel
11 that attorney billing statements submitted in support of fee
12 applications are rarely, if ever, filed under seal, and are
13 rarely filed with significant redactions, if any.

14      Deducting $3,381 from the total attorney's fees requested,
15 $84,525.83, leaves $81,144.83, of which the court will deduct 25%
16 on account of its findings of overstaffing, unnecessary
17 duplication of effort and time, inefficient allocation of
18 resources, and excessive time billed, all as discussed above.[5]
19 Thus, the fee award will be $60,858.62 ($81,144.83 - $20,286.21).
20 / / /

21 _____

22      4.  The motion was denied, with the proviso that Counsel
should file redacted versions of the billing statements.

23      5.  Attorney's fee awards proceeding from the lodestar
24 calculation and then enhancing or reducing the total by an
across-the-board percentage amount is acceptable under California
25 law.  See, e.g., Serrano v. Unruh, 32 Cal. 3d 621, 625, 639, 644
(1982) [hours reduced by 20%]; City of Colton, 206 Cal. App. 4th
26 at 786 [fees reduced by 50%]; Building a Better Redondo, Inc. v.
City of Redondo Beach, 203 Cal. App. 4th 852, 872-73 (Jan. 25,
27 2012) [applying a 25% upward multiplier]; Christian Research
Institute, 165 Cal. App. 4th at 1323-29 [approving fees for 71
28 hours out of more than 600 hours requested, citing overstaffing,
duplicative and unnecessary work].

- 8 -

1  D.   The Costs Requested in This Case

2       The court will award the plaintiff the amount of costs
3  incurred in this case, as itemized in the plaintiff's Amended
4  Bill of Costs, Ex. JLP-7 in support of the Motion, but will not
5  award the requested expert witness fees, $12,614.39.   As a
6  general rule, California law allowing an award of costs in favor
7  of a prevailing party, Cal. Code Civ. Proc. § 1032(b), does not
8  encompass fees of experts not ordered by the court.   Cal. Code
9  Civ. Proc. § 1033.5(b)(1).[6]  The plaintiff cites Thrifty Payless,
10 Inc. v. Mariners Mile Gateway, LLC, 185 Cal. App. 4th 1050, 1066
11 (2010), in which the court awarded the prevailing party its
12 expert witness fees.   However, first, the weight of California
13 case law is to the contrary.   See Carwash of America-Po v.
14 Windswept Ventures No. 1, 97 Cal. App. 4th 540, 543-44 (2002),
15 and cases collected at p. 544.[7]

16      Second, the Thrifty Payless court awarded the prevailing
17 party its expert witness fees based solely on the fact that the
18 attorney's fee clause in the parties' contract specifically
19 provided that the prevailing party would be entitled to
20 "reasonable expenses," including "witness and expert fees."   185
21 Cal. App. 4th at 1066.   In the present case, by contrast, the
22 attorney's fee clause in the promissory note covered "such sums
23 as are incurred for attorneys' fees and associated legal

24

25      6.   Fees of expert witnesses ordered by the court are
26 recoverable.   Cal. Code Civ. Proc. § 1033.5(a)(8).

27      7.   Similarly, under federal law, taxable costs include
   compensation of court appointed experts only.   28 U.S.C. §
28 1920(3); see also Lovell v. Chandler, 303 F.3d 1039, 1058 (9th
   Cir. 2002).

1   expenses."  The language does not refer to expert witness fees,

2   and the court cannot conclude that the defendants intended the

3   phrase "associated legal expenses" to obligate them for the

4   plaintiff's expert witness fees despite contrary prevailing

5   authority.

6                 III.   CONCLUSION

7       For the reasons set forth above, the Motion will be granted

8   in part and the court will award the plaintiff, as the prevailing

9   party herein, the sum of $60,858.62 in attorney's fees and

10   $2,108.30 in costs.  The court will issue an appropriate order.

11

12   Dated: August  23  2012

13                      DAVID E. RUSSELL
                       United States Bankruptcy Judge